1  JAMES E. BODDY, JR. (BAR NO. 65244)
   KATHRYN M. DAVIS (BAR NO. 203454)
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California  94105-2482
   Telephone: (415) 268-7000
4  Facsimile: (415) 268-7522

5  Attorneys for Defendants
   MARRIOTT INTERNATIONAL, INC. and RICK OWEN
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | VICTORIA ROGER-VASSELIN, | Case No.   C 04-04027 TEH
   | KENNETH M. ARRICK, RICHARD KITTNER, |
13 | |
   | Plaintiffs, | **STIPULATION AND ORDER**
14 | | **REGARDING THE NONWAIVER**
   | v. | **OF PRIVILEGE AND THE**
15 | | **PROTECTION OF THE**
   | MARRIOTT INTERNATIONAL, INC., RICK | **CONFIDENTIALITY OF**
16 | OWEN and DOES 1 through 50, inclusive, | **INFORMATION**
17 | Defendants. |

18

1  The parties, through their counsel of record, stipulate that the Court may enter the following
2  Order regarding the nonwaiver of privilege and the protection of the confidentiality of information
3  disclosed during discovery in connection with this action.

4  (1)  Any party may designate as "CONFIDENTIAL" any document or set of documents
5  produced for inspection and copying or any other document served or filed or given under oath in this
6  action (including, without limitation, answers to interrogatories, answers to requests for admissions,
7  and transcripts of depositions), or any part thereof with the word "CONFIDENTIAL", or other words
8  to that effect (hereinafter, "Confidential Documents").

9  (2)  The parties agree that Confidential Documents shall include any documents produced
10 in response to a subpoena for medical records, whether those documents are marked
11 "CONFIDENTIAL" or not.

12 (3)  The parties agree that the Confidential Documents they produce to each other in the
13 course of this litigation, as well as the contents of such Confidential Documents, shall be used only
14 for the purpose of prosecuting and defending this action and for no other purpose whatsoever.

15 (4)  Access to Confidential Documents produced in this litigation, or any part thereof, as
16 well as to the matters contained therein, shall be limited to: (i) the judiciary, its employees and its
17 agents, including jurors; (ii) the parties and officers and employees of the parties; (iii) the attorneys
18 for the parties, including "inside" and "outside" counsel, their associates, assistants, agents and
19 employees; (iv) consultants and experts involved in the preparation of this litigation for each party;
20 (v) witnesses and deponents in this action; and (vi) authors, subjects and recipients of the
21 Confidential Documents.

22 (5)  Individuals and entities identified above (other than jurors, the judiciary, its employees
23 and agents) shall have access to the documents only after being informed of the provisions of this
24 Order and only after agreeing to be bound by it. Any counsel who discloses the Confidential
25 Documents or their contents shall be responsible for informing individuals and entities of this Order
26 in compliance with this provision.

27 (6)  Except for use in this litigation as described in Paragraphs (4) and (5), the parties
28 agree to maintain and protect the confidentiality of any and all documents produced in this litigation.

1  (7) The execution of this Order shall not, in itself:

2      (a) constitute a waiver of any party's right to seek an order from the Court at a
3  future time restricting access to specific Confidential Documents to a more limited group of
4  individuals or entities than defined in paragraph (4) hereof, or granting access to specific
5  Confidential Documents to specific individuals; or

6      (b) be construed as an admission or agreement that any document, in fact, is
7  confidential, or comprises a trade secret, or otherwise is entitled to any protective relief
8  whatsoever.

9  (8) At the conclusion of litigation between the parties, every document disclosed in this
10 action, whether or not filed, or identified as an exhibit in this proceeding, including all copies, with
11 the exception of one file copy for each party's attorneys, shall be returned within thirty (30) days
12 after receipt of a request by the respective party who made the disclosure thereof.

13 (9) The parties agree that persons employed by the United States District Court for the
14 Northern District of California have no duty to the parties to protect or maintain the alleged
15 confidentiality of any information in any papers filed with the Court.

16
17
18
19
20
21
22
23
24
25
26
27
28

1  Dated: December 14, 2005

JAMES E. BODDY, JR.
KATHRYN M. DAVIS
MORRISON & FOERSTER LLP

By: /s/ James E. Boddy, Jr.
James E. Boddy, Jr.

Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC.
and RICK OWEN

Dated: Nov. 29, 2005

LAWRENCE A. ORGAN
LAW OFFICES OF LAWRENCE A. ORGAN

By: /s/ Lawrence A. Organ
Lawrence A. Organ

Attorneys for Plaintiffs
VICTORIA ROGER-VASSELIN,
KENNETH M. ARRICK, and
RICHARD KITTNER

IT IS SO ORDERED.

Dated: 12/21, 2005

_____
Thelton E. Henderson

IT IS SO ORDERED
Judge Thelton E. Henderson
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA