United States District Court

For the Northern District of California

1

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

9

10

VICTORIA ROGER-VASSELIN,
et al.,

                           Plaintiffs,

                    v.

MARRIOTT INTERNATIONAL,
INC., et al.,

                           Defendants.

NO. C04-4027 TEH

ORDER DENYING
DEFENDANTS' MOTION FOR
SEPARATE TRIALS

11

12        This matter came before the Court on Monday, May 22, 2006, on Defendants' motion

13   for separate trials.  After carefully considering the parties' written and oral arguments, the

14   Court now DENIES Defendants' motion.

15        Federal Rule of Civil Procedure 20(b) provides that, in a case where parties have been

16   permissively joined, a court "may order separate trials or make other orders to prevent delay

17   or prejudice."  Similarly Rule 42(b) provides that a court may bifurcate any trial "in

18   furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to

19   expedition and economy."  The district court has "broad authority" over whether to order

20   separate trials, and the court's decision will be reversed only for an abuse of discretion.

21   *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001).  Notably, neither party cited

22   any case in which an appellate court found abuse of discretion and reversed a district court's

23   decision on a bifurcation or severance motion.

24        In this case, Defendants have failed to persuade the Court that the risk of confusion

25   and prejudice outweighs the convenience and economy of having a single trial.  Although a

26   trial of this case will necessarily include some testimony that does not pertain to all three

27   Plaintiffs, the Court is convinced that Plaintiffs' claims are not entirely separable and that

28   there will be a significant amount of overlapping evidence, particularly on Plaintiffs' claims

United States District Court
For the Northern District of California

1   for hostile work environment and failure to prevent discrimination.  Similarly, the Court

2   finds Defendants' characterization of Plaintiffs' proposed witness list to be unpersuasive.

3   Defendants correctly observe that only 9 out of 46 witnesses listed in Plaintiffs' responses to

4   special interrogatories may potentially testify on behalf of more than one Plaintiff.  However,

5   this list does not include any of the three Plaintiffs, who all apparently intend to testify, nor

6   does it appear to include expert witnesses.  In addition, it is likely that the number of

7   witnesses testifying on non-overlapping claims will be reduced following the Court's rulings

8   on Defendants' motions for summary judgment.  Finally, when looked at from each

9   individual Plaintiff's point of view, there is significant overlap between even the witnesses

10  who are listed: 7 out of 13 witnesses identified for Plaintiff Kittner were also identified for

11  either Roger-Vasselin or Arrick; 6 out of 14 witnesses identified for Plaintiff Arrick were

12  also identified for either Roger-Vasselin or Kittner; 7 out of 19 witnesses identified for

13  Plaintiff Roger-Vasselin were also identified for either Arrick or Kittner; and 5 witnesses

14  were identified as potential witnesses for all three Plaintiffs.  Even if Defendants are correct

15  that not all of the testimony from the overlapping witnesses will be admissible against all

16  three Plaintiffs, this does not reduce the increased cost and inefficiencies that would result by

17  having these witnesses testify multiple times at separate trials.

18      While the Court would tolerate such inefficiencies if it believed that Defendants

19  would not get a fair trial without bifurcation, the Court does not believe that a single trial of

20  all three Plaintiffs' claims will be unfair.  Trial of this action would not be the most complex

21  trial over which this Court has presided, and, in the Court's experience, jurors are entirely

22  able to perform their job and separately evaluate each individual plaintiff's claims against

23  each defendant.  Indeed, the Court routinely gives limiting instructions to the jury and has no

24  doubt that jurors are capable of following such instructions.  To alleviate some of

25  Defendants' concerns, the Court is contemplating allowing the parties to make periodic

26  summations of evidence, akin to mini-closing arguments, explaining the evidence presented

27  to date and its import.  During those arguments, Defendants could reinforce the idea that not

28  all of the evidence jurors may have heard is applicable to all three Plaintiffs' claims.  The

1   Court will discuss the logistics of these summaries, as well as the possibility of repeating a

2   limiting instruction to the jury several times throughout the trial, at the pretrial conference.

3          In light of all of the above, the Court is not persuaded that the risk of confusion and

4   prejudice in this case outweighs the convenience and economy that would result from a

5   single trial, and the Court therefore does not find good cause to bifurcate trial.  Accordingly,

6   Defendants' motion for separate trials is hereby DENIED.

7

8   **IT IS SO ORDERED.**

9

10  Dated:   05/24/06

    THELTON E. HENDERSON, JUDGE
11  UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

3