IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTORIA ROGER-VASSELIN,
et al.,

                    Plaintiffs,

          v.

MARRIOTT INTERNATIONAL,
INC., et al.,

                    Defendants.

NO. C04-4027 TEH

SUPPLEMENTAL ORDER
GRANTING IN PART AND
DENYING IN PART
DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT

This matter came before the Court on Monday, May 22, 2006, on the following motions: (1) Defendants' motion for summary judgment as to exhaustion and statute of limitations issues; (2) Defendants' motion for summary judgment as to state law jurisdiction issues; and (3) Defendant Owen's motion for summary judgment. On May 24, 2006, this Court issued an order granting in part and denying in part all three motions. However, the May 24 order was designed only to give the parties notice of the Court's rulings prior to the parties' May 25 mediation date. The Court now issues this order to explain the reasoning behind the rulings announced in its May 24 order.

**BACKGROUND**

Plaintiffs Victoria Roger-Vasselin, Kenneth M. Arrick, and Richard Kittner assert age discrimination, retaliation, and harassment claims against Defendants Marriott International, Inc. ("Marriott"); two subsidiaries of Marriott, Marriott Ownership Resorts, Inc., doing business as Marriott Vacation Club International, and Ritz-Carlton Development Company, doing business as the Ritz-Carlton Club; and Rick Owen, an individual supervisor. Plaintiffs bring their claims under the federal Age Discrimination in Employment Act ("ADEA") as well as under California and Hawaii state anti-discrimination statutes. Under all three bodies

United States District Court

For the Northern District of California

of law, Plaintiffs contend that Defendants are liable for age discrimination, harassment on the basis of age, failure to prevent age discrimination and harassment, and retaliation for complaining about age discrimination and harassment.  Plaintiffs' claims stem, in part, from denials for promotion to various positions throughout the country and in several international locations.

The three pending motions for summary judgment seek resolution only of limited issues; Defendants do not move for summary judgment on a majority of Plaintiffs' claims.  In these motions, Defendants raise four main challenges: (1) that some of Plaintiffs' claims based on promotion denials are time-barred or barred for failure to exhaust administrative remedies; (2) that some of Plaintiffs' California and Hawaii claims are barred because they lack a sufficient connection to California or Hawaii; (3) that Plaintiffs may not recover on certain of their claims against Defendant Owen because the law does not allow for recovery against individual employees on those claims; and (4) that Plaintiff Arrick may not assert any claims against Defendant Owen because Arrick failed to name Owen in any administrative charge and therefore failed to exhaust his administrative remedies as to claims against Owen.  This order addresses each of Defendants' arguments in turn below.

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Material facts are those that may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*  The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party.  *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *Id.* at 322-23.  However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the District Court . . . that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.  If the moving party meets its initial burden, the opposing party must then "set forth specific facts showing that there is a genuine issue for trial" to defeat the motion.  Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250.

**DISCUSSION**

**A.      Propriety of Defendants' Motions**

As an initial matter, the Court rejects Plaintiffs' assertion that Defendants' motions are procedurally improper.  Contrary to Plaintiffs' arguments, Defendants do not seek resolution of non-determinative issues; nor do they seek a ruling from the Court that certain factual issues or elements of a claim are not materially in dispute.  Instead, Defendants only seek rulings from the Court that they are not liable on certain of Plaintiffs' claims, and the Court has the authority to issue such rulings where appropriate.[1]  *E.g.*, Fed. R. Civ. P. 56(b) (providing that a defending party may move for summary judgment "as to all or any part" of a claim).

The cases cited by Plaintiffs are not to the contrary, nor would they be controlling on this Court in any event.  The cited cases, all from other district courts, stand only for the proposition that some courts look with disfavor on summary judgment motions that seek rulings on factual issues other than liability.  *See SEC v. Thrasher*, 152 F. Supp. 2d 291, 295-96 (S.D.N.Y. 2001) (improper to move for summary judgment on elements of a claim when such rulings would not resolve that claim, but proper to move for summary judgment on liability); *Arado v. Gen. Fire Extinguisher Corp.*, 626 F. Supp. 506, 509 (N.D. Ill. 1985)

---

[1]It is inapposite that Plaintiffs group more than one claim into a single cause of action. Plaintiffs have cited no authority for the proposition that summary judgment is only appropriate where it resolves an entire cause of action as pleaded in the complaint.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

(improper to move for summary judgment on claims for compensatory, consequential, and liquidated damages under the ADEA when defendant did not seek summary judgment on liability or claim for actual damages under the same statute); *Capitol Records, Inc. v. Progress Record Distributing, Inc.*, 106 F.R.D. 25, 28-30 (N.D. Ill. 1985) (proper to grant partial summary judgment on liability, but improper to grant partial summary judgment on undisputed portion of damages).  Unlike the moving parties in those cases, Defendants here move for summary judgment on liability, and not on an element of a claim or some other non-dispositive factual issue.

**B.      Defendants' Motion as to Exhaustion and Statute of Limitations Issues**

Defendants' first motion challenges the ability of Plaintiffs Arrick and Roger-Vasselin to recover for certain promotion denials based on exhaustion and statute of limitations issues.

**1.     Plaintiffs Arrick's and Roger-Vasselin's Federal Claims**

Under the ADEA, an aggrieved employee must file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last alleged unlawful act if 29 U.S.C. § 633(b) applies to the case; otherwise, the employee must file suit within 180 days of the last alleged unlawful act.  29 U.S.C. § 626(d).  Section 633(b) applies to this case because both California and Hawaii have "a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice."  29 U.S.C. § 633(b).  As a result, a 300-day limitations period applies to Plaintiffs' claims.[2]  Once the EEOC has issued a right-to-sue letter, the employee must file any civil action within 90 days.  29 U.S.C. § 626(e).

Defendants contend that Plaintiff Arrick's ADEA claims for promotions sought in 1998, 1999, 2000, and 2002 are barred because Arrick did not file a timely EEOC claim or because he failed to file suit within 90 days of receiving a right-to-sue letter from the EEOC.

_____

[2] Plaintiffs argued in their opposition that a three-year statute of limitations period applied to willful violations of the ADEA.  However, Plaintiffs acknowledged in their surreply that the correct limitations period is 300 days.

1    Defendants also argue that Plaintiff Roger-Vasselin may not recover for five of her

2    challenged promotion denials for the same reasons.

3         Plaintiffs "do not contest the exclusion of [Arrick's] 1998-99 positions as an

4    independent basis for damages." Opp'n at 7.  Similarly, Plaintiffs do not challenge exclusion

5    of Arrick's 2000 promotion denials or any of Roger-Vasselin's contested denials when the

6    correct 300-day limitations period is applied.  Instead, Plaintiffs only challenge exclusion of

7    Arrick's 2002 promotion denials.  *See* Surreply at 3 (arguing only that Arrick's 2002

8    promotion denials are not time-barred when applying the correct limitations periods under

9    the ADEA); *see also* Opp'n at 7, 10 (arguing that Arrick's 2000 promotion denials and

10   Roger-Vasselin's challenged denials fall within a three-year statute of limitations but making

11   no other argument as to why summary judgment on these promotions should be denied).

12   Accordingly, Defendants' motion is GRANTED as to the challenged promotion denials for

13   Plaintiff Arrick occurring in 1998, 1999, and 2000, and all five of the challenged promotion

14   denials for Plaintiff Roger-Vasselin.

15        As to Arrick's challenged 2002 promotion denials, Plaintiffs rely on Arrick's

16   administrative charge number 345A200380 (Ex. J to Defs.' Req. for Judicial Notice), signed

17   on February 20, 2002, to oppose Defendants' motion.  In that charge, Arrick asserted that,

18   "[o]n a continuous basis since on or about March 1, 1999 through the present," Defendants

19   denied his applications for promotion due to age discrimination and retaliation for filing a

20   previous charge of age discrimination.  The EEOC did not issue a right-to-sue letter on this

21   charge until November 19, 2004 – after this lawsuit was filed.  Thus, Arrick contends that he

22   did not have to file a new administrative charge based on the 2002 promotion denials because

23   those promotion denials were reasonably related to the allegations in charge number

24   345A200380, and a complaint may include incidents that are not included in the EEOC

25   charge if such incidents are "like or reasonably related to the allegations of the EEOC

26   charge." *Brown v. Continental Can Co.*, 765 F.2d 810, 813 (9th Cir. 1985) (citations

27   omitted).

28

United States District Court

For the Northern District of California

1    Defendants argue that the Supreme Court's decision in *National Railroad Passenger*

2  *Corporation v. Morgan*, 536 U.S. 101 (2002), precludes Plaintiffs' theory.  In *Morgan*, the

3  Court held that discrete acts of discrimination or retaliation, including promotion denials,

4  cannot form the basis for continuing violation claims; instead, such claims "are not

5  actionable if time barred, even when they are related to acts alleged in timely filed charges."

6  *Morgan*, 536 U.S. at 113.  However, *Morgan* is factually distinguishable from the present

7  case because the issue in *Morgan* was how far back an EEOC charge may reach; here, by

8  contrast, the issue is whether an EEOC charge can reach forward to include related claims

9  that occurred while the charge was pending.  While some courts have applied *Morgan*'s

10  rationale to bar recovery for subsequent discrete acts of the sort claimed by Arrick here, *e.g.,*

11  *Shelton v. Boeing Co.*, 399 F.3d 909, 912-13 (8th Cir. 2005), courts have not "wholly

12  abandoned the theory that reasonably related subsequent acts may be considered exhausted"

13  if the subsequent acts can reasonably be expected to grow out of the EEOC's investigation,

14  *Wedow v. City of Kansas City*, 442 F.3d 661, 672-75 (8th Cir. 2006) (distinguishing *Shelton*

15  and holding that an additional administrative charge is not required for reasonably related

16  subsequent acts).  The Ninth Circuit does not appear to have directly ruled on this issue, but

17  it has, post-*Morgan*, held that jurisdiction extends to "all claims of discrimination that fall

18  within the scope of the EEOC's actual investigation or an EEOC investigation that could

19  reasonably be expected to grow out of the charge."  *Vasquez v. County of Los Angeles*, 349

20  F.3d 634, 644 (9th Cir. 2003).

21    In this case, Arrick's EEOC charge alleges denied promotions as a result of

22  discrimination and retaliation "since on or about March 1, 1999 *through the present*."  Ex. J

23  to Defs.' Request for Judicial Notice (emphasis added).  Thus, this case is unlike *Shelton*,

24  which put a discrete time limit on the charges of discrimination, and more like *Wedow*, where

25  the retaliation, including denials of promotion, was alleged to be ongoing.[3]  *Shelton*, 399 F.3d

26  at 912-13; *Wedow*, 442 F.3d at 674.  As the *Wedow* court explained, "a reasonable EEOC

---

27    [3]Defendants relied on *Shelton* in their response to Plaintiffs' surreply, but they

28  inexplicably failed to mention that a subsequent Eighth Circuit panel distinguished *Shelton* in
*Wedow*.

United States District Court

For the Northern District of California

1   investigation of alleged 'ongoing and continu[ing]' retaliation in this case would certainly

2   have focused on whether or not the retaliation alleged was in fact existent at the time of the

3   filing of the charges and if it did indeed continue to exist at the time of the investigation."

4   *Wedow*, 442 F.3d at 674.  That is, it would be reasonable to expect an investigation of

5   Arrick's 2002 EEOC charge, which alleged discrimination and retaliation on a "continuous

6   basis," to include an investigation of whether such retaliation was, in fact, continuing.

7   Consequently, Defendants have failed to persuade the Court that the challenged 2002

8   promotions are barred because Arrick failed to file subsequent or amended administrative

9   charges while charge number 345A200380 was pending, and the Court accordingly DENIES

10  Defendants' motion as to the challenged 2002 promotion denials for Plaintiff Arrick.

11              **2.    Plaintiff Arrick's Hawaii Claims**

12          Hawaii's anti-discrimination statute contains statutory limitations periods similar to

13  the ADEA.  Under Hawaii law, an aggrieved employee must file an administrative charge

14  with the Hawaii Civil Rights Commission ("HCRC") within 180 days of the date "(1) [u]pon

15  which the alleged unlawful discriminatory practice occurred; or (2) [o]f the last occurrence in

16  a pattern of ongoing discriminatory practice."  Haw. Rev. Stat. § 368-11(c).  Once the HCRC

17  has issued a right-to-sue letter, the employee must file any civil action within 90 days.  Haw.

18  Rev. Stat. § 368-12.

19          Defendants contend that certain promotions denied to Arrick in 1998, 1999, 2000, and

20  2002 fall outside these limitations periods, but Plaintiffs contend that the continuing violation

21  theory saves claims based on all of these promotion denials.  Neither party cites to any

22  Hawaii law on the issue of the continuing violation doctrine, and the parties' primary dispute

23  is whether Hawaii courts are likely to follow federal law on this point.  Plaintiffs, however,

24  do not dispute that Hawaii courts look "to the interpretations of analogous federal laws by the

25  federal courts for guidance" when construing discrimination claims under Hawaii state law.

26  *French v. Haw. Pizza Hut, Inc.*, 105 Haw. 462, 467 (2004) (citation omitted).  Indeed, the

27  Hawaii Supreme Court has specifically "adopted the [burden-shifting] analysis governing the

28

7

federal Age Discrimination in Employment Act (ADEA)" when construing claims under Hawaii's state anti-discrimination statute. *Id.* at 473.

Plaintiffs' only argument in opposition is that Defendants' position fails to take into account *Ross v. Stouffer Hotel Company*, 76 Haw. 454 (1994).  In *Ross*, the Hawaii Supreme Court declined to follow federal precedent when determining whether the 90-day statutory period for filing a wrongful discharge lawsuit begins to run after the plaintiff is actually discharged or, as under federal law, when the plaintiff is notified that he or she would be terminated. *Id.* at 460-61.  Although the court rejected federal precedent in that instance, it did so because it concluded that the plain language of the Hawaii statute precluded an alternate interpretation. *Id.*  Plaintiffs in this case point to no statutory language compelling a result contrary to the ADEA, and Plaintiffs' reliance on *Ross* is therefore unavailing.

As a result, Plaintiffs have presented no authority or persuasive argument to indicate that Hawaii courts are likely to deviate from analogous federal law in this instance. Accordingly, the Court's rulings on Defendants' motion as to Arrick's claims under Hawaii law mirror the Court's rulings on Defendants' motion as to Arrick's ADEA claims.  Thus, the motion is GRANTED as to the challenged 1998, 1999, and 2000 promotion denials, but DENIED as to the challenged 2002 promotion denials.

### 3.   Plaintiffs Arrick's and Roger-Vasselin's California Claims

Like the ADEA and Hawaii state law, California's anti-discrimination statute also contains statutory time limitations.  Under the Fair Employment and Housing Act ("FEHA"), an employee must file an administrative charge with the Department of Fair Employment and Housing ("DFEH") within one year of the last alleged unlawful act.  Cal. Gov't Code § 12960(d).  Once the DFEH has issued a right-to-sue letter, the employee must file any civil action within one year.  Cal. Gov't Code § 12965(b).

Defendants contend that Plaintiff Arrick's FEHA claims for promotions sought in 1998, 1999, and 2000 are barred because Arrick did not file a timely DFEH claim or because he failed to file suit within one year of receiving a right-to-sue letter from the DFEH. Defendants also argue that Plaintiff Roger-Vasselin may not recover for five of her

United States District Court

For the Northern District of California

challenged promotion denials for the same reasons.[4]  Plaintiffs do not dispute that Arrick's claims based on the 1998 and 1999 promotion denials are time-barred, Opp'n at 3-4, and Defendants' motion is therefore GRANTED as to those claims.

However, Plaintiffs contend that Arrick's 2000 claims and all five of Roger-Vasselin's claims are permissible under the continuing violation doctrine.  In *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798 (2001), a disability case involving allegations of failure to accommodate and hostile work environment, the California Supreme Court adopted a three-part test for continuing violations.  The court held that the continuing violation doctrine applies "if the employer's unlawful actions are (1) sufficiently similar in kind . . .; (2) have occurred with reasonable frequency; (3) and have not acquired a degree of permanence." *Id.* at 823 (citations omitted).  By "permanence," the court meant "that an employer's statements and actions make clear to a reasonable employee that any further efforts at informal conciliation to obtain reasonable accommodation or end harassment will be futile." *Id.*  The statute does not begin to run "when the employee first believes that his or her rights have been violated, but rather, *either* when the course of conduct is brought to an end, as by the employer's cessation of such conduct or by the employee's resignation, *or* when the employee is on notice that further efforts to end the unlawful conduct will be in vain." *Id.*  The California Supreme Court applied the *Richards* three-part test to discrimination and retaliation claims in 2005, refusing to adopt the analysis in *Morgan*, 536 U.S. 101, that treated discrimination and retaliation claims differently than hostile work environment claims.  *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1057-59 (2005).

The parties disagree over whether the continuing violation doctrine applies to claims based on discrete acts such as promotion denials, and both sides can find support in *Yanowitz*.  For example, the court stated that the continuing violation doctrine applies "where

---

[4]Defendants do not move for summary judgment on Plaintiffs' wrongful termination claims, raised in opposition by Plaintiffs, and the Court therefore need not decide whether summary judgment on such claims would be appropriate.  Nor need the Court decide at this time whether Defendants are correct that Plaintiffs' complaint does not include any wrongful termination claims.  Even if Plaintiffs brought valid wrongful termination claims, they have not demonstrated how such claims would resuscitate claims based on promotion denials that occurred outside FEHA's statutory periods.

United States District Court

For the Northern District of California

the plaintiff alleges a retaliatory course of conduct *rather than a discrete act of retaliation*."
*Id.* at 1058-59 (emphasis added).  Here, each promotion denial arguably constituted a
discrete act of retaliation such that *Yanowitz* is distinguishable.  On the other hand, the
*Yanowitz* court also explained that "a series of separate retaliatory acts collectively may
constitute an 'adverse employment action' even if some or all of the component acts might
not be individually actionable."  *Id.* at 1058.  This implies that even if some or all of the
component acts *are* individually actionable, as they would be in the case of allegedly
discriminatory promotion denials, the three-part test for applying the continuing violations
theory nonetheless applies.  Given the "liberal construction mandated by FEHA" and the
"twin policy goals of encouraging informal resolution of disputes and avoiding premature
lawsuits," *id.* at 1058 & n.17, this Court finds that Plaintiffs have the stronger position, and
that the continuing violation theory may apply to claims based on allegedly unlawful
promotion denials as long as the three-part test established by the California Supreme Court
is satisfied.

Applying that test to Plaintiffs' discrimination claims is straightforward.  The only
way to cure a discriminatory promotion denial would be to grant the aggrieved employee the
sought-after promotion; subsequently promoting an employee to another position would not
cure a prior discriminatory denial of a promotion to a different position.  In this case,
Plaintiffs point to no evidence of statements or actions by Defendants that indicate that any
further efforts would have resulted in Plaintiffs' being granted any of the promotions they
sought.  Thus, Plaintiffs have failed to demonstrate that the promotion denials have not
acquired a degree of permanence such that the continuing violation doctrine would apply,
and Defendants' motion is therefore GRANTED as to Plaintiffs' discrimination claims based
on promotion denials outside of the statutory limitations period.

As to Plaintiffs' retaliation and harassment claims, Arrick testified that he believed, at
the time he learned of each of the challenged promotion denials, that each denial was based
at least in part on his age and on retaliation for complaining about age discrimination.  Arrick
Dep. at 535:18-539:25 (Ex. A to Davis Decl. in Supp. of Defs.' Mot. for Summ. J. as to State

United States District Court

For the Northern District of California

1   Law Jurisdiction Issues).  He also filed several DFEH and EEOC employment discrimination

2   charges alleging that the promotion denials were discriminatory and based on retaliation.

3   However, the trigger for starting the limitations period under a continuing violation theory is

4   not when an employee first believes that his or her rights have been violated; instead, the

5   relevant test is "when an employee is on notice that further efforts to end the unlawful

6   conduct will be in vain." *Richards*, 26 Cal. 4th at 823.  Here, Arrick presented evidence that

7   he continued to engage in settlement negotiations as to one of his EEOC charges in 2002 and

8   2003, and a reasonable trier of fact might therefore conclude that Arrick believed those

9   negotiations might result in the end of retaliatory and harassing conduct and that, by

10  extension, Arrick was not on notice prior to that time that further conciliatory efforts would

11  have been futile.  Thus, when viewing the facts in a light most favorable to Plaintiffs, the

12  permanence prong has been satisfied as to Arrick's retaliation and harassment claims, and the

13  Court therefore DENIES Defendants' motion as to those claims to the extent they are based

14  on Arrick's challenged 2000 promotion denials.

15       Unlike Arrick, however, Roger-Vasselin points to nothing in the record that indicates

16  she was attempting in any way to resolve her retaliation and harassment claims informally

17  with Defendants, or that she believed such resolution was possible or that anyone ever told

18  her that they were attempting to resolve her complaints.  Instead, Roger-Vasselin's evidence

19  establishes only that, over a five-year period, she was subjected to a series of promotion

20  denials that she believed to be based on her age, and that she was told at one point in 2004

21  that she would be given a particular promotion.  This is insufficient to raise a triable issue of

22  fact as to whether Roger-Vasselin's challenged promotion denials – which occurred between

23  1999 and 2002 – achieved the necessary degree of permanence because it provides no

24  indication that a reasonable person in Roger-Vasselin's position would have believed that

25  future conciliatory efforts to end the alleged retaliation or harassment in the form of

26  promotion denials would have been fruitful.[5]  Accordingly, Defendants' motion on Roger-

---

27  
28       [5]In fact, Roger-Vasselin's own evidence indicates the contrary.  She states that she
    "complained frequently" to one Marriott executive and informed another in 2000 of the
    alleged discriminatory, harassing, and retaliatory actions towards her, but that these

11

1   Vasselin's retaliation and harassment claims based on the five challenged promotion denials

2   is GRANTED.

3

4   **C.      Defendants' Motion as to State Law Issues**

5         Defendants next argue that Plaintiffs may not challenge promotion denials under

6   California and Hawaii law when those promotion denials lack any connection to California

7   or Hawaii, respectively.

8         **1.     California Claims by Plaintiff Arrick**

9         First, Defendants argue that Arrick may not recover under FEHA, a California statute,

10  for denials of promotion to non-California positions when no California managers were

11  involved in the promotion denials and when Arrick was not living or working in California.

12  Plaintiffs acknowledge that FEHA does not apply to non-residents' claims when the tortious

13  conduct did not occur in California, *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850,

14  1859-60 (1996), but they oppose Defendants' motion on grounds that "[t]he location of the

15  unlawful acts is a disputed factual issue, requiring trial testimony," Opp'n at 4.

16        Plaintiffs assert that Defendants' failure to seek summary judgment on four promotion

17  denials in which California-based Defendant Owen was arguably involved "permit[s] the

18  Court to conclude that any conduct that can be factually connected to Owen is actionable

19  under FEHA." *Id.* Defendants agree that this is correct – i.e., that summary judgment would

20  be improper on any promotion denials that can arguably be connected to Owen – but they

21  contest whether Plaintiffs have met their burden of coming forth with sufficient evidence

22  connecting Owen to the promotions Arrick was denied to jobs outside California while

23  Arrick was not living or working in California.

24        Defendants correctly observe that much of Plaintiffs' proffered evidence is either

25  objectionable or irrelevant. For example, the Court need not consider deposition testimony

26  that is not cited by page and line number. *Orr v. Bank of America*, 285 F.3d 764, 775 (9th

27  ———————————————

    executives "did nothing in response to [her] complaints." Roger-Vasselin Decl. ¶ 11. Such
28  inaction arguably would have put a reasonable person on notice that further conciliatory
    efforts would have been futile.

United States District Court
For the Northern District of California

1    Cir. 2002).  In addition, declarations based on information and belief are "entitled to no

2    weight" at summary judgment because they are not based on personal knowledge.  *Bank*

3    *Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995).  Beyond that, Plaintiffs'

4    evidence that Owen was involved in Arrick's promotion denials in 1998 and 1999, that Owen

5    purportedly made ageist remarks and was involved in other potentially harassing behavior,

6    that Owen disliked Arrick, and that other managers hired younger workers instead of Arrick

7    or told Arrick not to apply for positions above a certain level shed no light on the question of

8    whether Owen was involved in any of the challenged promotion denials, which range in time

9    from 2000 to 2004.  Likewise, although Arrick cites one paragraph in his opposition relating

10   to the January 2004 denial of a promotion to Project Director at Canyon Villas, this does not

11   aid his cause because Defendants do not challenge a FEHA claim based on that promotion

12   denial in this motion.

13          However, the Court nonetheless agrees with Plaintiffs that they have presented

14   sufficient evidence to survive summary judgment on these claims.  Although Owen

15   submitted a declaration stating that he "had no involvement (either as a decision-maker or in

16   providing input) into the hiring decision related to" the challenged positions, *e.g.,* Owen

17   Decl. ¶ 22, that declaration is contradicted by Owen's deposition testimony.  During his

18   deposition, Owen explained that by "no involvement in the hiring decision," he meant that he

19   "didn't determine the final outcome," but that this did not "foreclose the idea that [he] could

20   have provided input."  Owen Dep. at 99:14-101:6 (Ex. Q to Supplemental Grunfeld Decl.).

21   This is sufficient to create a material factual dispute such that summary judgment would be

22   improper, and the Court therefore DENIES Defendants' motion as to Arrick's FEHA claims

23   based on promotion denials to non-California positions while Arrick neither lived nor

24   worked in California.

25          **2.    Plaintiffs' Hawaii Claims**

26          On Plaintiffs' claims under Hawaii state law, Plaintiffs agree that Plaintiffs Kittner

27   and Roger-Vasselin may not pursue any claims under the Hawaii Employment Practices

28   statute.  Accordingly, Defendants' motion is GRANTED as to such claims.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    Next, Plaintiffs correctly assert in their opposition that Defendants' motion does not

2  challenge Roger-Vasselin's or Kittner's ability to bring a claim under Hawaii common law,

3  but Plaintiffs also fail to identify any such claims.  Thus, the issue of whether these plaintiffs

4  may assert Hawaii common law claims is not properly before the Court.

5    As to Plaintiff Arrick, Defendants argue that Hawaii law cannot be applied to claims

6  arising from promotion denials to non-Hawaii positions while Arrick neither lived nor

7  worked in Hawaii:  "[I]f a State has only an insignificant contact with the parties and the

8  occurrence or transaction, application of its law is unconstitutional."  *Allstate Ins. Co. v.*

9  *Hague*, 449 U.S. 302, 310-11 (1981) (plurality).  Plaintiffs counter that the constitutional

10  issue only arises if there is a conflict of laws; however, Plaintiffs ignore the threshold

11  question of whether there is any contact between a jurisdiction and the challenged conduct.

12  It would defy all logic to apply a state's laws to conduct occurring entirely in other states and

13  involving residents of other states, and Plaintiffs cite no authority to the contrary.

14    Plaintiffs also fail to cite any authority to support the proposition that all of Arrick's

15  promotion denials should be considered as a single practice when determining whether

16  claims based on those promotion denials have sufficient contacts with Hawaii.  Under federal

17  law, promotion denials are clearly treated as discrete, separately actionable acts:  "Discrete

18  acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to

19  identify.  Each incident of discrimination and each retaliatory adverse employment decision

20  constitutes a separate actionable 'unlawful employment practice.'"  *Morgan*, 536 U.S. at 114.

21  Plaintiffs do not argue that Hawaii follows a different rule and, as noted above, Hawaii courts

22  look to analogous federal law in interpreting state anti-discrimination statutes.  *French,* 105

23  Haw. at 467.  In the absence of any authority from Plaintiffs to the contrary, this Court

24  therefore concludes that each of Arrick's promotion denials must be analyzed separately to

25  determine whether they have sufficient contacts with Hawaii before Arrick can be allowed to

26  assert claims under Hawaii law based on those promotion denials.  Because Plaintiffs failed

27  to present any evidence that the specific promotion denials challenged by Defendants had

28

United States District Court

For the Northern District of California

1   any contact with Hawaii, the Court GRANTS Defendants' motion as to Hawaii state law

2   claims based on those promotion denials.[6]

3

4   **D.    Defendant Owen's Motion**

5          Defendant Rick Owen separately moves for dismissal of certain claims against him

6   based on an asserted lack of statutory liability and Plaintiff Arrick's alleged failure to

7   exhaust.

8          **1.    Plaintiffs' Federal Claims**

9          First, as Plaintiffs acknowledge, the Ninth Circuit has concluded that the ADEA does

10  not impose liability on individual employees. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583,

11  587-88 (9th Cir. 1993).  Thus, the Court GRANTS Owen's motion as to Plaintiffs' ADEA

12  claims.

13         **2.    Plaintiffs' California Claims**

14         Similarly, Plaintiffs also acknowledge that "individuals who do not themselves qualify

15  as employers may not be sued under the FEHA for alleged discriminatory acts." *Reno v.*

16  *Baird*, 18 Cal. 4th 640, 663 (1998).  Plaintiffs do not dispute that Owen is not an employer

17  under the statute, and the Court therefore GRANTS Owen's motion as to Plaintiffs' claims

18  for discrimination under FEHA.

19         As to Plaintiffs' claims for harassment under FEHA, "commonly necessary personnel

20  management decisions such as . . . promotion or demotion . . . do not come within the

21  meaning of harassment," which "consists of actions outside the scope of job duties which are

22  not of a type necessary to business and personnel management." *Janken v. GM Hughes*

23  *Elecs.*, 46 Cal. App. 4th 55, 64-65 (1996); *see also Reno*, 18 Cal. 4th at 645-47, 657

24  (summarizing *Janken* with approval and rejecting criticisms of *Janken*'s delineation between

25  harassment and discrimination).  Personnel management decisions "may retrospectively be

26  _____

27         [6]Because the Court has denied Defendants' motion as to Arrick's claims under
    California law, its ruling on Arrick's Hawaii claims appears to be moot.  At oral argument,
    Plaintiffs explained that they would not pursue Arrick's Hawaii claims if the Court
28  concluded that Arrick's claims survived under California law.

United States District Court

For the Northern District of California

1   found discriminatory if based on improper motives, but in that event the remedies provided

2   by the FEHA are those for discrimination, not harassment." *Id.* at 65.  Because Owen cannot

3   be held individually liable for discrimination under FEHA, he therefore cannot be held

4   individually liable for the promotion denials asserted in this lawsuit.  Of course, Owen may

5   still be found liable under FEHA for his alleged "overall harassing and retaliatory conduct,"

6   Opp'n at 15, but the only question before the Court at this time is whether failure to promote

7   can, as a matter of law, qualify as harassment under FEHA.  Based on the authority cited

8   above, the Court concludes that it cannot.  Accordingly, the Court GRANTS Owen's motion

9   as to Plaintiffs' FEHA harassment claims to the extent that such claims are based on denials

10  of promotion.[7]

11       Finally, as to Plaintiffs' retaliation claims under FEHA, Owen withdrew his request

12  for summary judgment in his reply papers.  Reply at 3 n.5.  Summary judgment is therefore

13  DENIED as to those claims.

14       **3.   Plaintiffs' Hawaii Claims**

15       Owen next moves for summary judgment on Plaintiffs' claims under the Hawaii

16  Employment Practices Act ("HEPA") on grounds that individual employees are not liable

17  under that statute, just as they are not liable under the ADEA.  Owen asserts that Hawaii

18  courts have not yet addressed this issue, and that the courts are therefore likely to look to

19  analogous language in the ADEA and Title VII to conclude that the statute does not provide

20  for individual liability.  *French*, 105 Haw. at 467.  However, as Plaintiffs observe, federal

21  district courts in Hawaii have reached conflicting results on this issue, with some judges

22  ruling in favor of allowing individual liability and other judges ruling against it.  *Sherez v.*

23  *Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1146 n.7 (D. Haw. 2005) (collecting cases).  By

24  making no effort to explain why this Court should resolve the split in authority in favor of no

25  individual liability, Owen has failed to convince the Court that summary judgment is

26  appropriate.  Accordingly, Owen's motion is DENIED as to Plaintiffs' claims under HEPA.

---

27       [7]As Owen correctly observes, the Court need not decide at this time whether Plaintiffs

28  may introduce evidence regarding the promotions at issue to support their harassment claims
    against Owen based on other grounds.

United States District Court

For the Northern District of California

1        **4.    Exhaustion of Plaintiff Arrick's Claims**

2        Owen's final argument is that summary judgment is appropriate on all claims asserted

3   against him by Plaintiff Arrick because Arrick failed to name or describe Owen in any of the

4   charges he filed with the EEOC, DFEH, or HCRC.  Arrick does not dispute that

5   administrative exhaustion is a prerequisite to filing suit.  Instead, Arrick asserts that he met

6   this requirement by naming Owen in the body of his 1999 EEOC charge, number 345990303,

7   and that this charge was specifically incorporated by reference as the basis for Arrick's

8   retaliation and discrimination claim in EEOC charge number 345A200380.  *See* Ex. G to

9   Defs.' Req. for Judicial Notice (charge number 345990303); Ex. J to Defs.' Req. for Judicial

10  Notice (charge number 345A200380).  Arrick further asserts that his right to sue Owen under

11  FEHA stems from a 2002 right-to-sue letter from DFEH based on charge number

12  345A200380.  *See* Ex. N to Grunfeld Decl.

13       However, in Plaintiffs' opposition to Defendants' motion based on exhaustion and

14  statute of limitations issues, Plaintiffs conceded that claims based on charge number

15  345990303 are time-barred because Arrick did not timely file a complaint after receiving a

16  right-to-sue letter.  Thus, any reliance on naming Owen in that charge is misplaced.

17       In addition, charge 345A200380 only states that Arrick believed that he was being

18  discriminated against in retaliation for filing the earlier charge.  Nowhere does this charge

19  mention Owen.  Even if this Court were to consider charge number 345990303 to have been

20  fully incorporated by reference in charge number 345A200380, the earlier charge stated only

21  that Arrick "accepted employment with respondent in reliance on a verbal promise of

22  promotion to the position of Director of Sales within a year by Rick Owen, Project Director."

23  The charge goes on to list names of individual employees who denied promotions "[o]n at

24  least ten different occasions," but Owen is not included in that list of employees.  Thus, the

25  earlier charge does not in any way assert that Owen discriminated against, harassed, or

26  retaliated against Arrick.[8]  Accordingly, this Court finds that Arrick did not sufficiently name

27  _____

28       [8]If anything, the charge only puts Owen on notice that Arrick may be asserting a claim
     against him for breach of oral contract.

Owen in either of the charges Arrick relies upon to satisfy the exhaustion requirement against Owen.  He therefore also cannot rely on the 2002 right-to-sue letter from the DFEH based on charge number 345A200380 to support his right to sue Owen.

Arrick attempts to salvage a claim against Owen by stating he has a claim against Owen for "tortious discharge in violation of California public policy" that does not require administrative exhaustion.  Opp'n at 17.  However, in their opposition papers, Plaintiffs failed to cite to any specific text in the second amended complaint that alleges a wrongful termination claim by Arrick.  In fact, the complaint states that Arrick "is out on disability leave as of February 2005," not that he resigned or was terminated.  Second Am. Compl. ¶ 8; *see also* Arrick Decl. ¶ 45.  Similarly, at oral argument, the Court specifically asked where in the complaint Arrick asserted a wrongful termination claim, and Plaintiffs responded that the Court need not address this issue because it was only an alternative argument.  Because Plaintiffs failed to cite to any part of the complaint that alleges a wrongful termination claim, and because Arrick has failed to demonstrate that he named or described Owen as a potential wrongdoer in any of his administrative claims, the Court finds good cause to GRANT Owen's motion for summary judgment on all claims asserted against him by Arrick.

**CONCLUSION**

For all of the reasons discussed above, and consistent with the Court's May 24, 2006 order, IT IS HEREBY ORDERED that:

1.  <u>Defendants' motion for summary judgment as to exhaustion and statute of limitations issues</u> is GRANTED IN PART and DENIED IN PART as follows:

a.  The motion is GRANTED as to (1) Arrick's challenged promotion denials in 1998 and 1999 and all five of Roger-Vasselin's challenged promotion denials as to all of Plaintiffs' claims; (2) Arrick's challenged promotion denials in 2000 as to his ADEA and Hawaii statutory claims and as to his FEHA claim based on discrimination; and (3) Arrick's challenged promotion denials in 2002 as to his FEHA claim based on discrimination.

United States District Court

For the Northern District of California

1    b.  The motion is DENIED as to (1) Arrick's challenged promotion denials in

2   2000 as to his FEHA claims based on retaliation and harassment and (2) Arrick's challenged

3   promotion denials in 2002 as to his ADEA and Hawaii statutory claims and as to his FEHA

4   claims based on retaliation and harassment.

5

6        2.    Defendants' motion for summary judgment as to state law issues is GRANTED

7   IN PART and DENIED IN PART as follows:

8        a.  The motion is GRANTED as to (1) Kittner's and Roger-Vasselin's claims

9   under the Hawaii Employment Practices statute and (2) Arrick's Hawaii statutory claims

10  based on promotion denials that occurred for jobs outside of Hawaii while Arrick neither

11  lived nor worked in Hawaii.

12       b.  The motion is DENIED as to Arrick's FEHA claims based on promotion

13  denials that occurred for jobs outside of California while Arrick neither lived nor worked in

14  California.

15

16       3.    Defendant Owen's motion for summary judgment is GRANTED IN PART and

17  DENIED IN PART as follows:

18       a.  The motion is GRANTED as to (1) Plaintiffs' ADEA claims; (2) Plaintiffs'

19  FEHA claims based on discrimination; (3) Plaintiffs' FEHA claims based on harassment to

20  the extent that such claims are based on allegedly unlawful promotion denials; and

21  (4) Plaintff Arrick's claims.

22       b.  The motion is DENIED as to (1) Plaintiffs' FEHA claims for retaliation,

23  including retaliation claims based on allegedly unlawful promotion denials, and

24  (2) Plaintiffs' claims under the Hawaii Employment Practices statute.

25

26       The Court also reminds the parties that it set the new trial date in this case based in

27  part on the parties' representation that setting trial to begin in September would allow

28  sufficient time for the parties to continue attempting to finalize a settlement agreement while

also providing adequate time for the parties to prepare for trial if the case does not settle. Thus, while the Court remains optimistic that the parties may be able to fully resolve this case or significantly narrow the disputed issues prior to trial, the Court does not anticipate granting any further continuances in the trial date or pretrial dates and deadlines.

**IT IS SO ORDERED.**

Dated:   07/19/06

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

**United States District Court**
For the Northern District of California